IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD W. RUSSELL, Jr.,

    Petitioner,      No. CIV S-05-1314 MCE PAN P

    vs.

MARGARITA E. PEREZ, et al.,

    Respondents.      <u>ORDER</u>

_____/

    Petitioner is a state prisoner with counsel seeking a writ of habeas corpus. <u>See</u> 28 U.S.C. § 2254. On November 15, 2005, respondents moved to dismiss the application upon the ground petitioner failed to state a cognizable claim for relief. On December 15, 2005, petitioner opposed the motion. The parties were heard in open court on January 4, 2006, and the court directed them to file informal briefs to clarify the nature of petitioner's claim. The parties have complied.

    In November 1974, petitioner and his co-defendant, Kenneth G. Rice, committed a robbery, in the course of which one victim was killed and another was shot. On April 30, 1975, petitioner was convicted of first-degree murder on a theory of felony murder and was found to have used a deadly weapon. The jury based its finding that petitioner used a firearm on evidence that petitioner brandished a firearm during the robbery, implying they believed Rice fired the

lethal shot.  Rice was convicted of first-degree murder and first-degree attempted murder with use of a firearm.

On May 19, 1975, the court sentenced petitioner and Rice to life imprisonment with the possibility of parole.  See Former Cal. Pen. Code  § 190, repealed by § 1 of Initiative Measure approved November 7, 1978; Former Cal. Pen. Code § 1168, repealed by Stats. 1976, ch. 1139, effective July 1, 1977).  Rice also was sentenced to a consecutive term of five years to life for attempted first degree murder.  See Former Cal. Pen. Code § 664, repealed by, Stats. 1997, c. 412).

Around March 30, 1981, petitioner appeared for an initial hearing before the Board of Prison Terms but the hearing was continued until 1982.  Petitioner never has been found suitable for parole.

In 1981, Rice had his first BPT Parole Consideration hearing and his primary term was set at nine years.  In 1984, Rice was released to parole.

A district court will entertain a habeas petition "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

In the application, petitioner claims that since petitioner's co-defendant, the actual shooter, was released more than 20 years ago, petitioner's sentence is grossly disproportionate to his individual culpability and therefore violates the Eighth Amendment prohibition on cruel and unusual punishments.  This argument finds its roots in death penalty jurisprudence, where an offender who aids and abets a felony in the course of which a murder is committed cannot be subjected to the death penalty if he himself does not kill, attempt to kill or intend a killing take place or lethal force be used.  Enmund v. Florida, 458 U.S. 782, 797 (1982).  This is so because the Eighth Amendment requires the sentencer to focus on the individual culpability of the offender in determining whether the death penalty will be imposed.  Enmund, 458 U.S. at 798; Lockett v. Ohio, 438 U.S. 586 (1978).

With respect to a term of years, the Eighth Amendment forbids extreme sentences that are "grossly disproportionate" to the crime, Lockyer v. Andrade, 538 U.S. 63 (2003); Harmelin v. Michigan, 501 U.S. 957, 1001 (1991), but it does not require non-capital sentences be tailored to the individual. Harmelin, 501 U.S. at 995-96.

Petitioner does not argue life in prison is "grossly disproportionate" to the offense of first-degree murder and the Eighth Amendment is not concerned with whether his co-defendant has been released to parole while petitioner has not.

Accordingly, petitioner does not state a claim his sentence violates the Eighth Amendment.

In his brief, petitioner challenges the procedures used in his parole hearings. He argues that the failure to release him violates due process because over the years each panel, including that which presided over the most recent hearing held on August 18, 2003, relied on a finding that petitioner was the shooter, despite the jury's finding that petitioner brandished a weapon.

Petitioner did not include this claim in the petition. An amended petition is appropriate only if petitioner exhausted available state remedies with respect to this claim.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

Accordingly, IT IS HEREBY ORDERED that within 30 days from the date of this order, petitioner shall demonstrate he has exhausted available state remedies with respect to his

/////

3

1 claim that the failure to release petitioner to parole violates due process.  Failure to comply with
2 this order will result in a recommendation that this action be dismissed.
3 DATED: April 18, 2006.

UNITED STATES MAGISTRATE JUDGE

\004
\russ1314.osc fte