IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD W. RUSSELL, JR,

    Petitioner,                          No. CIV S-05-1314 MCE EFB P

    vs.

KATHY MENDOZA-POWERS,
Warden, et. al.,

    Respondents.                     ORDER

_____/

      Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. He was convicted of first degree murder on a felony murder theory in 1975 and was sentenced to seven years to life. Pet. at 2.

      Petitioner filed a habeas petition in this court on June 28, 2005. Dckt. No. 1. Respondents filed a motion to dismiss on the ground petitioner failed to state a cognizable claim for relief. Dckt. No. 6. The court directed the parties to file informal briefs to clarify the nature of petitioner's due process claims. Dckt. No. 9. The parties complied. Dckt. Nos. 11, 12. On April 19, 2006 this court issued an order holding that (1) petitioner had not stated a claim that his sentence violated the eighth amendment and (2) the due process claim in petitioner's letter brief had not been included in his original petition. Dckt. No. 14. Allowing the petitioner to amend

1

1  his petition to include the due process claim would only be appropriate, the court held, if
2  petitioner had already exhausted the claim in California courts. *Id.* Accordingly, the court
3  ordered petitioner to demonstrate that he had exhausted state remedies with respect to the due
4  process claim, and warned him that failing to comply with the order would result in the dismissal
5  of the action. *Id.*

6  Petitioner and his attorney filed motions for an extension of time to respond to the court
7  order, explaining that the attorney planned to withdraw from the case. Dckt. Nos. 15, 17. The
8  court granted the motions. Dckt. Nos. 16, 18. Petitioner then personally filed a motion to amend
9  his letter brief and an amended petition. Dckt. No. 19. He stated that he was unable to
10 demonstrate that he had exhausted a due process claim based on the parole board's failure to
11 release him, but that he had exhausted a due process claim based on the parole board's failure to
12 fix his primary term. Pet'r's Mot. to Amend at 1-2. Accordingly, petitioner asked the court for
13 leave to amend his letter brief on due process claims, and to file an amended habeas petition. *Id.*
14 at 2. Respondents opposed the motion to amend. *See* Dckt. Nos. 22, 23.

15 The court denied petitioner's motion to amend without prejudice, as petitioner was still
16 formally represented by counsel and the petition he had personally filed was therefore improper.
17 Dckt. No. 27. The court again ordered petitioner to demonstrate that he had exhausted his due
18 process claims. *Id.*

19 Petitioner, through counsel, filed an amended petition and a brief responding to the
20 court's order. Dckt. Nos. 28, 29. He stated that he was not challenging any determination by the
21 parole board regarding his suitability for parole and asked that the letter brief on due process that
22 he had filed be stricken. Pet'r's Resp. to Ct.'s Order at 3. He reiterated that the parole board's
23 failure to fix his term was a violation of his due process rights. *Id.* at 9. Respondents filed an
24 opposition. Dckt. No. 34.

25 Petitioner's counsel officially withdrew from the case on September 15, 2006. *See* Dckt.
26 No. 35. On September 21, 2006, petitioner, proceeding pro se, filed a reply brief stating that the

parole board's failure to release him constituted a due process violation, and that he had exhausted this claim in state court. Pet'r's Reply at 2-3. Petitioner stated that his former attorney had not fairly represented his claims in his previous filings, as the attorney was "not well versed in habeas corpus matters." *Id.* at 3-4. Petitioner stated that he was "attempting to correct the 'legal mess,' so that he may redirect the court's attention to the merits of the claims." *Id.* at 4. Petitioner has responded to the court's orders, and contends that he has exhausted his due process claims in state court. *See* Pet'r's Reply at 2-3. Petitioner has filed an amended habeas petition containing due process claims. *See* Dckt. No. 28.

A judge "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. It is not apparent from the face of the application that the petitioner is not entitled to relief.

Accordingly, it is hereby ORDERED that:

1. Respondents shall file and serve either an answer or a motion in response to petitioner's application within 60 days from the date of this order. *See* Rule 4, Fed. R. Governing § 2254 Cases. Any response shall be accompanied by any and all transcripts or other documents relevant to the determination of the issues presented in the application. *See* Rules 4, 5, Fed. R. Governing § 2254 Cases.

2. Petitioner's reply, if any, shall be filed and served within 30 days of service of an answer.

3. If the response to petitioner's application is a motion, petitioner's opposition or statement of non-opposition shall be filed and served within 30 days of service of the motion, and respondents' reply, if any, shall be filed within 14 days thereafter.

Dated: January 28, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE