IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD W. RUSSELL, JR.,

    Petitioner,                   No. CIV S-05-1314 MCE EFB P

    vs.

KATHY MENDOZA-POWERS, et al.,

    Respondents.              FINDINGS AND RECOMMENDATIONS

_____/

    Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondents move to dismiss the petition for failure to state a claim and on the grounds that the petition is time-barred. For the reasons stated below, the court finds that the petition is untimely and must be dismissed.

    Petitioner was convicted of first degree murder on a felony murder theory in 1975 and was sentenced to seven years to life. Pet., Dckt. No. 1, at 2. His initial petition challenged the failure of California parole authorities to set his primary term. *Id.* at 1. An abbreviated procedural history of this action follows. On April 19, 2006, this court issued an order finding that (1) petitioner had not stated a claim that his sentence violated the eighth amendment and (2) the due process claim that petitioner had articulated in a letter brief had not been included in his original petition. Dckt. No. 14. The court ordered petitioner to demonstrate that he had

1

exhausted state remedies with respect to the due process claim. *Id.*

Petitioner, through counsel, filed an amended petition and a brief. Dckt. Nos. 28, 29. He stated that he was not challenging any determination by the parole board regarding his suitability for parole, and reiterated that the parole board's failure to fix his term was a violation of his due process rights. *Id.* at 9.

Petitioner's counsel officially withdrew from the case on September 15, 2006. *See* Dckt. No. 35. On September 21, 2006, petitioner, proceeding pro se, filed a brief stating that the parole board's failure to release him constituted a due process violation, and that he had exhausted this claim in state court. Dckt. No. 37 at 2-3. Petitioner stated that his former attorney had not fairly represented his claims in his previous filings. *Id.* at 3-4.

The court then ordered respondents to respond to the amended petition. Respondents have filed a motion to dismiss on the grounds that the amended petition fails to state a federal claim for relief, and that the claims in the petition are time-barred. Dckt. No. 45 at 1.

The nature of petitioner's claims appear to have evolved over time. However, this action proceeds on the amended petition filed on August 25, 2006, which was drafted by petitioner's counsel. In this document petitioner alleges that the Adult Authority failed to set his primary term for release from prison as ordered by the California Supreme Court in June 1975. *See* Dckt. No. 28. He states that he "had his first initial BPT parole considering hearing" in 1981, but that he has still not had his primary term set. *Id.* at 3. He argues that the state created a liberty interest when the Supreme Court ordered the Adult Authority to fix his term, and that he is "continually deprived by the BPT of his liberty without a written decision of the reasons for depriving his right" and that this constitutes a due process violation. *Id.* at 3, 10. He further argues that the failure to fix his term renders it unconstitutionally excessive. *Id.* at 8, 12-14.

As noted above, after his counsel withdrew from the case, petitioner filed a document stating that his counsel had not fairly represented his claims. Dckt. No. 37 at 3. He stated that his two claims are 1) the state's refusal to obey the California Supreme Court's order to fix

petitioner's primary term violated his constitutional rights; and 2) the state "cannot proceed after the expiration of the attached time limitation in applying statutes that have been rendered invalid, by statute." *Id.* at 2. Petitioner further argues, as his counsel did, that the state created a liberty interest when the California Supreme Court ordered that his term be fixed, and that his due process rights were violated through the state's failure to fix his term. *Id.* at 2-3. He states that the parole board has continually refused to fix his term, although he "is not challenging . . . the parole board's procedures and/or hearings." *Id.* at 5.[1]

In his opposition to respondents' motion to dismiss, petitioner argues that "his primary term, as was [his codefendant's], should have been fixed also at his first appearance before the Parole Board" and "[f]ailing to fix Petitioner's primary term, by law, violates Petitioner's rights of due process and Equal Protection of law." Dckt. No. 50 at 2. He further states that "[i]n all of the hearings Petitioner participated in after his initial hearing in 1981, his term had never been fixed as ordered by the California Supreme Court." *Id.*

In summary, petitioner has articulated the following claims in his various filings. He argues that the parole board's failure to fix his term renders it unconstitutionally excessive, as his co-defendant's term was fixed. This is the eighth amendment argument that the court already dismissed in 2006:

> With respect to a term of years, the Eighth Amendment forbids extreme sentences that are "grossly disproportionate" to the crime . . . but it does not require non-capital sentences be tailored to the individual.
> Petitioner does not argue life in prison is 'grossly disproportionate' to the offense of first-degree murder and the Eighth Amendment is not concerned with whether his codefendant has been released to parole while petitioner has not.
> Accordingly, petitioner does not state a claim his sentence violates the Eighth Amendment.

Dckt. No. 14 at 3. Petitioner also argues that California is applying statutes that have been

---

[1] This statement calls into question whether there can be further review of petitioner's claim. *See Swarthout v. Cooke*, 562 U.S. ___ (2011), No. 10-333, 2011 WL 197627, at *2 (Jan. 24, 2011)

invalidated. Although the nature of this claim is unclear, petitioner does not explain how his federal constitutional rights have been violated, and why this claim is not merely a question of state law. Accordingly, the court does not have jurisdiction to address this claim.

Finally, petitioner argues that California created a liberty interest when the Supreme Court ordered the Adult Authority to fix his term, and therefore the state's refusal to fix his term constitutes a violation of his due process rights. The court finds that this claim must be dismissed, because even assuming that such a claim is a cognizable federal habeas claim, it is untimely.

A one-year limitations period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

In this case, petitioner alleges that his term should have been fixed in 1981 at his first parole board hearing. The one-year statute of limitations for this term-fixing claim was triggered in 1981, when petitioner became aware that the parole board had not fixed his term. He did not file the instant petition until 24 years later, in 2005. The one-year limitations period expired in 1982. Petitioner does not argue that he is entitled to any tolling. Thus, the instant petition is time-barred.

Petitioner argues that the instant petition is not time-barred because the parole board has not fixed his term at any of his hearings over the last twenty years, including the board hearing on August 18, 2003. Dckt. No. 50 at 8. But even though the parole board continues to not fix petitioner's term, he cannot continually file habeas petitions over this claim, any more than a continually incarcerated person may continually file habeas petitions challenging the constitutionality of his custody. His claim is not tied to the most recent board hearing; rather, the crux of his claim is that he was entitled have his term fixed back in 1981, when his co-

4

1  defendant's sentence was fixed.  Thus, petitioner's term-fixing claim is time-barred.

2       Respondents also argue that petitioner's claims do not raise a federal question.  *See* Dckt.
3  No. 45, Resps.' Mot. to Dism. at 2-3 (arguing that petitioner is not entitled to federal habeas
4  relief based on perceived violations of state law).  Because petitioner's claims should be
5  dismissed in any case, the court need not decide this issue.[2]

6       Accordingly, it is hereby RECOMMENDED that:

7       1. Respondents' May 13, 2010 motion to dismiss be granted; and

8       2. The Clerk be directed to close the case.

9       These findings and recommendations are submitted to the United States District Judge
10 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
11 after being served with these findings and recommendations, any party may file written
12 objections with the court and serve a copy on all parties.  Such a document should be captioned
13 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
14 within the specified time may waive the right to appeal the District Court's order.  *Turner v.*
15 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In
16 his objections petitioner may address whether a certificate of appealability should issue in the
17 event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing
18 Section 2254 Cases (the district court must issue or deny a certificate of appealability when it
19 enters a final order adverse to the applicant).

20 DATED:  February 10, 2011.

21                                      EDMUND F. BRENNAN
22                                      UNITED STATES MAGISTRATE JUDGE

---

[2] Although the court does not reach the merits of petitioner's claims, other California district courts have rejected similar claims. *See*, *e.g.*, *Johnston v. Ayers*, No. C 09-267, 2009 WL 1621904 at *4 (N.D. Cal. June 9, 2009) (holding that "there is no state-created liberty interest in having a term of years set for a prisoner serving an indeterminate life term for murder who has not been found suitable for parole"); *Daniels v. Brown*, No. C 05-2684, 2006 WL 3093762 at *4-5 (N.D. Cal. Oct. 31, 2006) (holding that habeas petitioner had no right to a term-setting hearing under *In re Rodriguez*, 14 Cal. 3d 639 (1975)).

5